JOHN C. BILLERMAN AND JUANITA C. BILLERMAN, PLAINTIFFS-RESPONDENTS, v. TED BASIAK AND JANE BASIAK, DEFENDANTS-APPELLANTS.

Argued February 23, 1966—Decided May 23, 1966.

*Mr. Edward M. Hogan* argued the cause for appellants (*Messrs. Hogan, Folk & Hutchison,* attorneys).

*Mr. Arthur S. Mott, Jr.* argued the cause for respondents.

PER CURIAM. The parties are neighbors though no longer friendly ones. The plaintiffs needed a new well and arranged to have it drilled about a hundred feet from their old well in the rear of their property. After the drilling was completed, they learned that their new well was on the defendants' property about twelve feet from the boundary line. They were unable to reach an adjustment and when the defendants threatened to cut off their use of the well, they instituted an injunctive action.

After hearing testimony and viewing the premises, the trial judge concluded that the plaintiffs were entitled to equitable relief. He found that when they had their new well drilled they mistakenly believed they owned the land and were not culpably negligent in so believing, and that the defendants had constructive knowledge that the well was being drilled but said nothing about ownership until after the drilling was completed. *Cf. Brick Tp., Ocean County v. Vannell,* 55 *N. J. Super.* 583, 593 (*App. Div.* 1959). In finding constructive knowledge, the trial judge credited the testimony on the plaintiffs' behalf and concluded that the presence of the drilling equipment and the related activities were sufficient to

place the defendants under the duty of inquiring and speaking up in timely fashion. He gave the defendants the following options: they could (1) purchase the well "for the price that it cost," (2) sell a sufficient amount of land "at a price to be agreed upon" or fixed by the court, (3) have an "exchange of lands" between the parties, or (4) have the judgment "act as an easement permitting the well to remain upon the defendants' property." See *McKelway v. Armour*, 10 *N. J. Eq.* 115, 118 (*Ch.* 1854); *cf. Magnolia Construction Co. v. McQuillan*, 94 *N. J. Eq.* 736, 738 (*E. & A.* 1923); *Dorfman v. Lieb*, 102 *N. J. Eq.* 492, 493 (*Ch.* 1928), affirmed 104 *N. J. Eq.* 497 (*E. & A.* 1929).

At one point the defendants appeared to have chosen the second option but then withdrew after the trial judge announced that, the parties having failed to agree, he would proceed with the taking of testimony towards the fixing of the price. The plaintiffs then moved for the entry of judgment and in due course a judgment was entered granting an unconditional easement to the plaintiffs to expire when the plaintiffs abandon their use of the well, and directing that the defendants convey such easement to the plaintiffs in consideration of the nominal sum of one dollar. On appeal, the Appellate Division affirmed and we granted certification on the defendants' application.

We agree that under the trial judge's findings of fact the plaintiffs are entitled to equitable relief but consider the relief embodied in the judgment to be unduly broad. There should be reasonable payment for the easement and it should be properly conditioned. The well does not now interfere with the defendants' use of their property and there is no suggestion that the defendants contemplate the sale of their property. However, conditions may change and it may develop that the easement will in time actually stand in the way of such use or sale. In that event, the defendants should have the right to terminate the easement. The defendants should also have the right to tie in to the well without charge if they so choose. The parties should reach early agreement as to the

amount of payment, for this unseemly and rather trivial dispute has already consumed too much time and has caused too much expense. If they are unable to do so, the trial judge will in regular course fix the reasonable value of the terminable easement on the basis of the record in the cause plus such additional valuation evidence as may appear to him to be necessary.

Reversed and remanded without costs in any court.

*For reversal* — Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL and SCHETTINO—6.

*For affirmance*—None.